## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS LAWSON, ) | |
| AIS# 262514, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: |
| ) | 1:17-CV-403-JB-B |
| C.O.I. JONES, et al., ) | |
| ) | |
| Defendants. ) | |

## SPECIAL REPORT

**COME NOW** the Defendants, Lt. Dailey and Officer Gilbert Jones, by and through undersigned counsel, and in compliance with this Honorable Court's Orders do hereby submit the following Special Report.

## PARTIES

1. Plaintiff, Nicholas Lawson, #262514, ("Lawson"), is an Alabama Department of Corrections (ADOC) prisoner, currently incarcerated in the Holman Correctional Facility (Holman) in Atmore, Alabama. At all times pertinent to this complaint, Lawson was incarcerated in the Fountain Correctional Facility (Fountain) in Atmore, Alabama.

2. Defendant, Gilbert Jones ("Officer Jones"), is employed by ADOC as a Correctional officer at Holman.

3. Defendant, Sandra Dailey ("Lt. Dailey"), is employed by ADOC as a Correctional Lieutenant at Holman. At all times relevant to this matter, these defendants were employed at Fountain.

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

On or about August 18, 2017, at approximately 8:30 p.m., Lawson claims that he was taken to the shower in segregation. (Doc. 1 at 4). After his shower, inmate Lawson claims that the was placed in his cell at which time, Officer Jones did not remove his handcuffs. Id. Lawson states that he asked Officer Jones repeatedly to remove the handcuffs. Id. He states that he remained in the handcuffs from August 18, 2017 at 8:30 p.m. until August 19, 2017 at 5:45 p.m. Id. He also claims that he missed two (20 meals as a result and was forced to soil himself. Id. He claims that have damage to his left hand and lacerations on this wrist. Id. Inmate Lawson is suing for deliberate indifference, failure to intervene, negligence and cruel and unusual punishment. Id.

For relief, Plaintiff demands to be compensated for his "physical and psychological distress in the reasonable amount of $15,000. Punitive - $8,000/Compensatory - $7,000). Id. at 7.

## DEFENDANT'S EXHIBITS

1. Exhibit A – Affidavit of Gilbert Jones;
2. Exhibit B – Affidavit of Sandra Dailey; and
3. Exhibit C – Certified, Redacted Medical Records.

## STATEMENT OF FACTS

Defendants deny any knowledge of plaintiff's complaint. (Ex. A & B). Plaintiff's medical records indicate that he was seen multiple times by medical personnel following the date of his allegations, but they do not show that he was

treated for any of the injuries he describes in his complaint. (See Ex. C, pp. 2, 42, 44, 45, 68, and 100).

## Summary Judgment Standard

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). The defendants have the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the Court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. See Buskey v. Harsco Corp., 2000 WL 1196158, *1 (S.D. Ala.) citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); and Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Id. citing Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992).

Once movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id.

## DISCUSSION OF PLAINTIFF'S CLAIMS

### Sovereign Immunity

To the extent that this Court construes that Plaintiff has sued Defendants in their official capacities, Defendants are state officials and are absolutely immune from suit for damages in their official capacities. Walker-El v. Naphcare Med. Servs., Inc., 432 F.Supp.2d 1264, 1268 (S.D. Ala. 2006) citing Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1277 (11th Cir. 1998).

### Qualified Immunity

Defendants in their individual capacities, are immune from suit by virtue of qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). Because the alleged acts or omissions of the defendants consist of discretionary functions, and because the actions do not violate any clearly established constitutional or statutory rights, the defendant is protected by qualified immunity. Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices

that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" Wilson, 163 F.3d at 1295.

### Eighth Amendment Claim against Officer Jones

Plaintiff's claims that Officer Jones violated his 8th Amendment rights are without merit. The 11th Circuit has held that inmates can be restrained for extended periods of time if warranted. See Campbell v. Sikes, 169 F.3d 1353 (1999) (Defendants' use of "L" shaped method of restraint did not constitute excessive force.)

The U.S. Supreme Court in Hudson v. McMillian and Whitley v. Albers set the standards under which an Eighth Amendment excessive force claim must be analyzed. In order to find that the correctional officers' use of force was unconstitutional, plaintiff must prove:

1. That subjectively, defendants acted maliciously or sadistically to cause plaintiff harm, and
2. The plaintiff suffered injury that was objectively harmful enough to establish a constitutional violation.

Hudson v. McMillian, 503 U.S. 1, 8 (1992).

The Court considers five factors in making this determination:
1. the extent of the injury suffered;
2. the need for application of force;
3. the relation between the need for force and the amount of force actually used;
4. the threat reasonably perceived; and

5

5. any efforts to temper the severity of a forceful response.

Whitley v. Albers, 475 U.S. 312, 321 (1986).

### Subjective Component

In order to establish that the Defendants acted with a sufficiently culpable state of mind, the plaintiff must show that force was applied "maliciously and sadistically to cause harm," amounting to an "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 320 (1986). On the other hand, if "force was applied in a good faith effort to maintain or restore discipline," then the officers acted correctly and there was no constitutional violation. Hudson v. McMillian, 503 U.S. 1 (1992).

Applying the five Whitley factors to the facts, Lawson did not show that, subjectively, Defendant acted maliciously or sadistically to cause him harm.

Because "force was applied in a good faith effort to maintain or restore discipline," Officer Jones acted correctly and there is no constitutional violation. Hudson v. McMillian, 503 U.S. 1 (1992). There is no need to analyze the objective component set out in Hudson, above.

### Respondeat Superior

Lawson's claims against Lt. Dailey are without merit. The plaintiff's claims against Lt. Dailey fail because "[t]here is no *respondeat superior* liability under § 1983." Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995); (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-92 (1978); LaMarca, 995 F.2d at 1538. "The standard by which a supervisor is held liable in his individual

capacity for the actions of a subordinate is extremely rigorous." Cottone, 326 F.3d at 1360-61 (quoting Gonzalez v. Reno, 325 F.3d 1228, 1324 (11th Cir 2003)).

A supervisor may be held accountable only if she "personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Id. at 1360. "The central tenet in both offenses" is a constitutional violation. Mann v. Taser Intern. Inc., 588 F.3d 1291, 1308 (11th Cir. 2009). Because the plaintiff has failed to establish a constitutional violation, the claims "under a theory of supervisory liability" also fail. Id. Lt. Dailey was never made aware that the Plaintiff remained hand cuffed in his cell. (Ex. B). Plaintiff does not allege that Lt. Dailey participated in any unconstitutional conduct. Likewise, Plaintiff failed to allege and causal connection between Lt. Dailey and any alleged constitutional deprivation.

Additionally, "[a]wareness of the constitutional violation coupled with a failure to punish after the fact is insufficient" to state a constitutional claim. Patton v. Etowah Co., Alabama, No. 4:15-CV-540-VEH, 2016 WL 48163, at *6 (N.D. Ala. Jan. 5, 2016). "Holding the Supervisors liable purely for a failure to discipline 'would result in de facto respondeat superior liability,' City of Canton, Ohio, v. Harris, 489 U.S. 378, 392 (1989), and that result is forbidden." Id.; Larson v. Meek, 240 Fed. Appx. 777, 780 (10th Cir. 2007) ("denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations"). Lt. Dailey is due to be granted summary judgment in this case.

## CONCLUSION

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-250 (1986).  This case is ripe for summary judgment because there is no genuine issue of fact as to the plaintiff's claims and defendant is entitled to judgment as a matter of law.

Based on the foregoing, defendant respectfully requests that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment in favor of defendant.

    Respectfully submitted,

    STEVE MARSHALL
    ATTORNEY GENERAL

    /s/ J. MATT BLEDSOE
    J. MATT BLEDSOE (BLE006)
    Assistant Attorney General
    Counsel for Defendant

**OF COUNSEL:**

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130
334-242-7443
334-242-2433 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this the February 15, 2019, filed the foregoing with the Clerk of the Court, using the ECF filing system, and that I have further served a copy of the foregoing upon the following parties, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Nicholas Lawson
AIS# 262514
Holman Correctional Facility
Holman 3700
Atmore, AL 36503

                                        /s/ J. MATT BLEDSOE
                                        OF COUNSEL