## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 17-CV-00403-JB-B |
| C. O. I. JONES, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

This matter is before the Court on Plaintiff's Amended Complaint (Doc. 6)[1], Defendants' Special Report (Doc. 18), and Defendants' Motion for Summary Judgment. (Doc. 23). The Motion is ripe for review. After careful review, the Court finds Defendants' Motion for Summary Judgment is due to be DENIED.

### I. FACTUAL BACKGROUND

Plaintiff, Nicholas Lawson, an inmate with the Alabama Department of Corrections, filed his Amended Complaint on November 22, 2017. (Doc. 6).[2] Plaintiff sues Defendants Gilbert Jones ("Jones") and Sandra Dailey ("Dailey"), alleging violations of his Eighth Amendment rights.

Plaintiff alleges that on August 18, 2017, at approximately 8:30 p.m., Jones escorted Plaintiff from the shower facility to his cell in Holman's segregation unit. (Doc. 6 at 4). After

---

[1] The Court notes Plaintiff's Amended Complaint (Doc. 6) is signed under penalty of perjury. Because Plaintiff signed his pleading under penalty of perjury, it is considered verified. As a verified complaint, Plaintiff's Amended Complaint may be treated as evidence in the Court's consideration of summary judgment. However, its allegations are subject to the scrutiny an affidavit receives. *See Robinson v. Myers*, 1990 U.S. Dist. LEXIS 9231, *4 n.4 (S.D. Ala. May 31, 1990).

[2] Plaintiff is a *pro se* litigant.

1

placing Plaintiff in his cell, Plaintiff contends Jones left him in handcuffs. Plaintiff further contends that when he asked Jones to remove his restraints, Jones stated, "You'll be alright, I will take them off when I get ready." (*Id.*). Plaintiff remained in handcuffs for the next twenty-two (22) hours, during which time he could not sleep, eat, or use the toilet. (*Id.*). Officers removed Plaintiff's handcuffs during the following shift when he brought his condition to their attention. According to Plaintiff, officers did not know he was restrained because officers leaving the previous shift "didn't tell [them he was] handcuffed. It wasn't written in the logbook." (Doc. 6 at 4). Plaintiff also alleges Dailey failed to intervene when Jones left him in handcuffs, despite knowing Jones had done so, and that she was under an obligation to intervene as the acting supervisor during that shift. (*Id.* at 5). Because he remained restrained, Plaintiff alleges, he suffered permanent nerve damage in his right index finger, for which he seeks $25,000 in damages. (*Id.* at 4).

Defendants filed their Special Report with accompanying exhibits on February 15, 2019. (Doc. 18).[3] Defendants' exhibits include affidavits from Jones and Dailey and Plaintiff's medical records. In their Special Report (converted to their Motion for Summary Judgment via Doc. 23), Defendants raise the defenses of sovereign and qualified immunity and conclude Plaintiff cannot proceed on any of his claims. (Doc. 18 at 4). Alternatively, Defendants contend Plaintiff has not alleged sufficient facts to state a *prima facie* case as to any claim.

---

[3] In their Special Report, Defendants characterize Plaintiff's claims as follows: (1) deliberate indifference, (2) failure to intervene, (3) negligence, and (4) cruel and unusual punishment. (Doc. 18 at 2). However, Defendants' arguments at summary judgment appear to draw solely from allegations in Plaintiff's Original Complaint, which is not the operative pleading in this case. (*See generally,* Doc. 5).

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, "a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the "initial responsibility of informing the district court of the basis for [their] motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [they] believe[ ] demonstrate the absence of a genuine issue of material fact." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

Where the moving party does not have the burden of proof at trial, it may show that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the moving party meets its initial burden, the non-movant must set forth specific facts, supported by citation to the evidence, to support the elements of the case at trial, and therefore, establish there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c).

The Court must "resolve all issues of material fact in favor of the [non-movant], and then determine the legal question of whether the [movant] is entitled to judgment as a matter of law under that version of the facts." *McDowell v. Brown,* 392 F. 3d 1283, 1288 (11th Cir. 2004). "[A]ll reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant." *Citizens Trust Bank v. Lett*, 2015 WL 4254561, * 1 (N.D. Ala. 2015). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is genuine if the record taken as a whole could lead a rational

3

trier of fact to find for the nonmoving party." *Reeves v. C.H. Robinson Worldwide, Inc.,* 594 F. 3d 798, 807 (11th Cir. 2010).

**III.    DISCUSSION[4]**

Plaintiff's constitutional claims are made under 42 U.S.C. § 1983, for violation of the Eighth Amendment. *See Vinson v. Clarke County*, 10 F. Supp. 2d 1282, 1293 (S.D. Ala. 1998) ("Title 42 U.S.C. § 1983 is not itself a source of federal rights, but rather, merely provides a private cause of action for violations of federal rights that are conferred elsewhere. . . . the court must determine which of [Plaintiff's] constitutional rights was allegedly violated by the defendants."); *Johnson v. Lang,* 2019 U.S. Dist. LEXIS *163281*, *7 – 8 (S.D. Ala. 2019). To establish a §1983 claim, Plaintiff must show: (1) a violation of a constitutional right, and (2) that the alleged violation was committed under the color of state law. *See Johnson,* 2019 U.S. Dist. LEXIS at 7 – 8. The parties do not dispute Defendants were acting under the color of state law at the time of the alleged incident. Thus, the Court must determine whether Plaintiff has established a genuine issue of material fact as to whether Defendants violated his Eighth Amendment rights. Further, Plaintiff does not specify whether he is suing Defendants in their official or individual capacities. The Court shall address both.[5]

---

[4] Before discussing Plaintiff's specific claims, the Court must address the contents of his Amended Complaint. In his Amended Complaint, Plaintiff alleges "[his] claim is the same." (Doc. 6 at 4). The Court understands this to mean that Plaintiff meant to incorporate his previous allegations and claims against Defendants by reference to his Original Complaint. The Court explicitly forbade Plaintiff from pleading in this manner. (Doc. 5 at 2 – 3). To the extent Plaintiff has relied upon his original pleading but failed to plead previously alleged facts and claims in his Amended Complaint, those claims are waived and the Court shall not consider them. *See, e.g., Blair v. Gentry*, 2016 U.S. Dist. LEXIS 133604, *4 (N.D. Ala. Aug. 26, 2016) (" Because the undersigned expressly notified the plaintiff that the court would only consider the claims in his final amended complaint, the plaintiff's request that the court refer to portions of his original complaint is denied.") (emphasis removed).

[5] Because Plaintiff failed to address whether he sought redress against Defendants in their official or individual capacities, the Court will address both circumstances. *See Walker-El v. Naphcare Med. Servs.,* 432 F. Supp. 2d 1264,

A. SOVEREIGN IMMMNITY AND OFFICIAL CAPACITY CLAIMS

Defendants first contend Plaintiff cannot move forward on his claims because they are entitled to sovereign immunity. Specifically, Defendants contend that because they are state officials, Plaintiff cannot recover monetary damages in a suit brought against them in their official capacities. The Eleventh Circuit has made clear that state law enforcement officers are considered an "arm of the state government." *Newsome v. Lee Cty.*, 431 F. Supp. 2d 1189, 1194 (M.D. Ala. 2006). Thus, each officer sued in his or her official capacity enjoys the Eleventh Amendment's sovereign immunity protections:

> A suit against a government official in his or her official capacity is considered a suit against the official's office itself. When that office is an arm of the state government, the Eleventh Amendment protects the sovereignty of the state by prohibiting suits when recovery would be paid from state funds.

*Id.* (internal citations and quotations omitted). This protection extends to prison officials. *See Spencer v. Fails,* 2018 U.S. Dist. LEXIS 107258, *9 – 11 (S.D. Ala. June 26, 2018) (analyzing the applicability of sovereign immunity to state correctional officers). The Court finds Defendants are entitled to sovereign immunity under the Eleventh Amendment. Plaintiff's claims against Defendants fail, insofar as Plaintiff is seeking redress against Defendants in their official capacities. The Court addresses Defendants' asserted qualified immunity positions *infra*.

B. EIGHTH AMENDMENT CLAIMS

The Eighth Amendment provides "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." US CONST. amend. VIII. Generally,

---

1268 n.3 (S.D. Ala. 2006) (analyzing the applicability of sovereign and qualified immunity where the plaintiff failed to designate whether he sought redress against Defendants in their official or individual capacities); *Vinson v. Clarke County*, 10 F. Supp. 2d 1282,* 2 n. 1 (S.D. Ala. 2008).

a prisoner-plaintiff bringing an Eighth Amendment claim under § 1983 must satisfy a two-part test. *See McNeeley v. Wilson*, 649 F. App'x 717, 723 (11th Cir. 2016). First, "a prisoner must make an objective showing of a deprivation or injury that is sufficiently serious to constitute a denial of the minimal civilized measure of life's necessities[.]" *Id.* Thereafter, he must make "a subjective showing that the official had a sufficiently culpable state of mind." *Id.*; *See also Johnson v. Lang*, 2019 U.S. Dist. LEXIS 163281, *9 (S.D. Ala. Sep. 20, 2019) (citing *Sims v. Mashburn,* 25 F.3d 980 (11th Cir. 1994)). Plaintiff's presents two Eighth Amendment claims – one claim against both Defendants based on conditions of confinement and a second claim against Dailey for failing to intervene in Jones' (a subordinate's) misconduct.

### i) Plaintiff's Claim of Unconstitutional Conditions of Confinement

Defendants contend Plaintiff's conditions of confinement claim is meritless. Specifically, Jones maintains he never left Plaintiff in handcuffs and that he has no knowledge of the incident Plaintiff describes in his Amended Complaint. (Doc. 17 at 1; Doc. 18-1 at 1).[6] Dailey also denies any knowledge of the incident and contends she never allowed no officer under her supervision to leave inmates in handcuffs. (Doc. 17 at 1; Doc. 18-2 at 1). To support their arguments, Defendants cite Lawson's certified medical records provided by the Alabama Department of Corrections. Defendants argue no genuine issue of material fact exists as to whether Plaintiff was injured due to any condition of confinement because Plaintiff's medical records show he received treatment after the incident described in his complaint and those records, "do not show that he was treated for any of the injuries described in his complaint." (Doc. 18 at 2 – 3).

---

[6] Jones appears to contradict this assertion in his Special Report. There, instead of continuing to deny all knowledge concerning the incident described (*See* Doc. 18 at 2), he contends that he used "minimum necessary force." (*Id.* at 6).

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Burke v. Bowns*, 653 F. App'x 683, 699 (11th Cir. 2016). To succeed on such a claim,

> [f]irst, . . . that the conditions of his confinement are objectively serious or extreme. At the very least, this requires a showing that the challenged condition poses an unreasonable risk of serious damage to the prisoner's health or safety. Second, the prisoner must show that the prison officials subjectively acted with deliberate indifference to the challenged condition. In our circuit, to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence.

*Id.* (internal brackets, citations, and quotation marks omitted).

Plaintiff's verified allegations (and other record evidence) suggesting he was kept in restraints preventing him from sleeping, eating, and using the toilet for twenty-two (22) hours satisfy the objective prong of Plaintiff's burden (i.e., demonstrate the conditions described posed an unreasonable risk of serious damage to his health). *See Burke* 653 F. App'x at 700 ("As for the objective prong of the conditions of confinement analysis, it is well established in this Circuit that conditions lacking basic sanitation are sufficiently 'extreme' and serious' to pose a substantial risk to Plaintiff's health or safety.") (citing *Brooks v. Warden*, 800 F.3d 1295, 1303 – 1304 (11th Cir. 2015)). Considering these allegations and additional evidence discussed below, the Court is satisfied that Plaintiff satisfied the objective component of his burden.

As to the subjective component, Plaintiff alleges that Jones intentionally left him in restraints despite pleading with Jones to remove the handcuffs. Plaintiff also alleges that as the commanding officer on duty, Dailey "aided" Jones by failing to intervene and tell officers on the following shift he was in restraints. (Doc. 6 at 5). The undisputed facts show Dailey would have

7

known of Jones' actions based on her responsibility to inventory officers' equipment at the end of the shift. (*See* Doc. 6 at 4) ("They didn't tell us you were handcuffed! It wasn't written in the logbook."). This intentionality Plaintiff describes suggests Defendants actually knew of Plaintiff's condition, they disregarded the risk of harm associated with it, and caused him to suffer the injuries he describes.

Defendants point to Plaintiff's medical records to show he never received treatment for injuries related to his confinement conditions. However, Plaintiff's medical records add to the genuine dispute of material fact as to whether he was kept in restraints as described and whether Defendants knew of his condition. The medical records attached to Defendants' Special Report disclose Lawson received a prescription on August 22, 2017, for pain. (Doc. 18-3 at 44). A more detailed "Medication Order" in that same exhibit, shows Plaintiff received a prescription for 200 mg ibuprofen to take twice a day "for pain to hands." (*Id.* at 45). According to Plaintiff's allegations, the earliest officers would have released him from restraints would have been on or around 6:30 pm on August 19, 2017. Receiving treatment for pain approximately three (3) days later for pain in his hands corroborates Plaintiff's account of events. This evidence leaves the Court with records showing Plaintiff received medical treatment for hand pain around seventy-two (72) hours after the alleged incident along with otherwise conflicting affidavits. The Court is proscribed from making such credibility determinations at summary judgment, *Jones v. City of Heflin,* 207 F. Supp. 3d 1255, 1263 n. 8 (11th Cir. 2016), and the Court is charged with drawing all reasonable inferences for the non-movant at this stage. *See Spencer v. Fails*, 2018 U.S. Dist. LEXIS 107258, *7 (S.D. Ala. June 26, 2018).

The lack of additional documentation about Plaintiff's prescription is troubling. Plaintiff's medical records for every other illness and treatment come with more thorough documentation. For the pain recorded on August 22, 2017, there are no sick call requests, body charts, or physician progress notes for the prescription Plaintiff received as there were elsewhere in Defendants' Special Report. (Doc. 18-3 at 23 – 27, 30 – 31). Considering the evidence, and drawing all justifiable inferences in Plaintiff's favor, the Court finds summary judgment is inappropriate on this claim as to Jones.

### ii) Supervisor Liability

Dailey contends she cannot be held liable under this claim because no *respondeat superior* liability exists for such claims. *See e.g., Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003). However, in a § 1983 action, supervisory officer may be found liable for her subordinate's unconstitutional conduct where she participated in the constitutional deprivation or participated via a causal connection. *See Johnson v. Lang,* 2019 U.S. Dist. LEXIS 163281, *11 (S.D. Ala. 2019). To establish such a causal connection, the Plaintiff must demonstrate:

> (1) that the supervisor failed to correct the alleged deprivation despite having notice of the need for such a correction based on "a history of widespread abuse," (2) that the supervisor's "custom or policy results in deliberate indifference to constitutional rights," or (3) facts supporting "an inference that the supervisor directed the subordinates to act unlawfully" or (4) facts supporting an inference that the supervisor failed to stop such actions despite knowing they would result. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)

*Stewart v. City of Homewood*, 2019 U.S. Dist. LEXIS 190553,*15 (N.D. Ala. 2019); *see also White v. Cochran,* 2016 U.S. Dist. LEXIS 145419 , *10 – 11 (S.D. Ala. 2016) (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (finding a causal connection where "the facts 'support an

inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'").

Plaintiff seeks to hold Dailey liable for his conditions of confinement claim due to her direct participation in the activities described above. (Doc. 6 at 3) ("She aided C.O.I. Jones."). Plaintiff claims Dailey failed to stop Jones' actions despite knowing he would remain in restraints if she did nothing. Though Dailey submitted a sworn affidavit which states she allowed no officer to leave handcuffs on any inmate, the undisputed medical evidence and Plaintiff's verified allegations create a genuine dispute of material fact as to whether he was left in the conditions described in his Complaint. Thus, the Dailey is not entitled to judgment as a matter of law on this claim.

### iii) Qualified Immunity

Defendants assert qualified immunity as a defense to Plaintiff's conditions of confinement claim. However, Defendants provide no substantive argument on this point (Doc. 18 at 4), save for Jones' contention he "applied [force] in a good faith effort to maintain and restore discipline." (*Id.* at 6). The Court does not have to make a party's argument for it at summary judgment. Review of the parties' submissions is restricted to the portions of the record they have cited, and the legal arguments they have articulated. *See Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)("[T]he onus is upon the parties to formulate arguments . . ."); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) (federal courts "are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"); *Witbeck v. Embry Riddle Aeronautical University, Inc.*, 219 F.R.D. 540, 547 (M.D. Fla. 2004) ("That judges have no duty to scour the file in search of evidence is an obvious corollary to the

requirement that parties specifically identify the portions of the case file which support their assertions regarding whether genuine issues remain for trial."); *McQueen v. Wells Fargo Home Mortg.*, 955 F. Supp. 2d 1256, 1268 n.10 (N.D. Ala. 2013); *Chemence Med. Prods. v. Quinn*, 2015 U.S. Dist. LEXIS 187062, *31 (N.D. Ga. Aug. 5, 2015) (denying summary judgment where the movant failed to support his motion for partial summary judgment.).

Although Defendants' qualified immunity argument here is limited, the Court shall address it to the extent it warrants review. To defeat Defendants' assertion, Plaintiff must show: (1) Defendants violated a constitutional right and (2) this right was clearly established at the time of the violation. *See Walker-El v. Naphcare Med. Servs., 432* F. Supp. 2d 1265, 1268 n.3 (S.D. Ala. 2006). On the first prong, the Court must ask "whether a jury could conclude that a violation occurred based on the evidence in the record." *Id.* If a plaintiff satisfies the first prong, the Court must determine whether it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Burke v. Browns,* 653 F. App'x 683, 694 – 95 (11th Cir. 2016). To show that such a right was clearly established:

> [f]irst, the plaintiff may show that a materially similar case has already been decided. Second, the plaintiff can point to broader, clearly established principle that should control the novel facts of the situation. Finally, the conduct involved in the case may so obviously violate the constitution that prior case law is unnecessary. When determining whether a particular plaintiff's rights were clearly established, this court looks only to binding precedent — cases from the United States Supreme Court, the Eleventh Circuit, and the highest court of the state in which the claim arose — to determine whether the right in question was clearly established at the time of the violation.

*Howe v. City of Enter.*, 2018 U.S. Dist. LEXIS 158716, *79 (M.D. Ala. September 17, 2018) (internal brackets, citations, and quotations omitted). As noted *supra*, Plaintiff's right to be free from

excessive restraint is well-established in this Circuit. *See Burke v. Browns*, 653 F. App'x 683, 700 (11th Cir. 2016). Thus, a jury could find a violation occurred based on the evidence above. Further, the Court finds Plaintiff's right was clearly established at the time of the alleged incident. *Burke* was decided in 2016; Plaintiff's complaint was filed a year later. Defendants are not entitled to qualified immunity on this claim.

### iv) Plaintiff's Failure to Intervene Claim

Dailey argues she is entitled to judgment as a matter of law on Plaintiff's failure to intervene claim because "Plaintiff does not allege that Lt. Dailey participated in any unconstitutional conduct. Likewise, Plaintiff failed to allege and [*sic*] causal connection between Lt. Dailey and any alleged constitutional deprivation." (Doc. 18 at 7). Dailey's argument unpersuasive.

Ordinarily, the Eleventh Circuit has limited failure to intervene claims to instances where there is an underlying incident of excessive force. Plaintiff has not alleged an underlying instance of excessive force, only unconstitutional conditions of confinement. One district court in this Circuit, however, has noted the Eleventh Circuit has permitted a failure to intervene claim to proceed outside the confines of an underlying excessive force claim. *See de Veloz v. Miami-Dade Cty.*, 255 F. Supp. 3d 1222, 1234 (S.D. Fla. 2017) *rev'd on other grounds* (finding Plaintiff's claim to be based on a constitutional right that was not clearly established) ("[a]dmittedly, the Eleventh Circuit does not appear to have expressly foreclosed the possibility of liability in a non-excessive-force failure to intervene case."). The court in *de Veloz* noted the importance of the Supreme Court's decision in *White v. Pauly*, 137 S.Ct. 548 (2017). There, the Court found that "general statements of the law are not inherently incapable of giving fair and clear warning to officers, but

in the light of pre-existing law the unlawfulness must be apparent." *White,* at 552 (internal citations and quotations omitted). Considering the Supreme Court's decision in *White* and the *de Veloz* and *Burke* decisions, Dailey is not entitled to judgment as a matter of law on Plaintiff's failure to intervene claim.

Generally,

> [o]n a failure to intervene claim, the plaintiff has the burden to demonstrate that the defendant was in a position to intervene but failed to do so. To meet this burden, the plaintiff must adduce facts showing the necessity or real opportunity for the defendant-officers to intervene in a fellow officer's unlawful conduct.

*Jackson v. Catanzariti*, 2019 U.S. Dist. LEXIS 171224, *46 (S.D. Ga. 2019). The Court first notes Plaintiff did allege Dailey violated his Eighth Amendment constitutional rights based on his underlying conditions of confinement claim in contrast to Dailey's argument. In his Amended Complaint, Plaintiff stated Dailey "aided C.O.I. Jones" by "not interfering with this act" or "pass[ing] [on the fact that he remained in handcuffs] to the next shift[.]" (Doc. 6 at 5). These allegations and Dailey's affidavit show Dailey was the commanding officer on the night of the alleged incident and that as commanding officer, she supervised her subordinates' activity. Further, Dailey was required to inventory her subordinate's equipment at the end of the shift; Dailey did not deny this responsibility in her Special Report or her Affidavit. Dailey's supervisory authority placed her in a position where she could have intervened in the event of subordinate misconduct. As she was required to inventory her subordinates' materials, she would have known, at least as early as the close of the shift, that Jones' handcuffs were missing. Upon this discovery, Dailey would have known Jones' alleged misconduct. Dailey's alleged omission of her

intervention, i.e., removing Jones' handcuffs, combined with Plaintiff's allegations and medical records, create a genuine dispute of material fact regarding this claim.[7]

**CONCLUSION**

For the reasons stated, Defendants' Motion for Summary Judgment (Doc. 23) is **DENIED**.

**DONE and ORDERED** this 30th day of September, 2020.

s/ JEFFERY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE

---

[7] Dailey's argument regarding qualified immunity on this claim is wholly conclusory. (*See* Doc. 18 at 4). Considering the Court's analysis on this point above regarding a party's duty to formulate its argument and Plaintiff's alleged constitutional violation, there is no need to re-tread that ground. Dailey is not entitled to qualified immunity on summary judgment.